(52 Misc. Rep. 474)

## ENGELHARDT v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. February 4, 1907.)

CARRIERS—INJURIES TO STREET CAR PASSENGERS—PERSONS RIDING ON PLATFORM—INSTRUCTIONS.

Where a street car passenger remained upon the rear platform, leaning upon or near a closed gate on one side of the platform, when there were vacant seats in the car, and in rounding a curve the gate opened, and he was thrown to the street and injured, it was error to instruct that he had a perfect right to stand wherever he saw fit in the car after the conductor had taken his fare in that position.

Gildersleeve, J., dissenting.

Appeal from City Court of New York.

Action by Frederick Englehardt against the New York City Railway Company, sued as the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Bayard H. Ames, for appellant.
Louis Steckler, for respondent.

DAYTON, J. Plaintiff boarded defendant's car and remained upon its rear platform smoking, leaning upon or near a closed gate on one side of said platform. As the car rounded a curve at a speed of five miles per hour or upwards, said gate (which should have been securely closed) opened, and plaintiff was thrown into the street and injured. At the time plaintiff entered the car there were vacant seats therein, but he and other passengers were permitted by the conductor to remain upon said rear platform. The learned court charged the jury that plaintiff had a perfect right to stand wherever he saw fit in that car

after the conductor had taken his fare in that position. This language negatived other portions of the charge holding plaintiff to the exercise of ordinary care, and the jury were substantially directed to find that plaintiff, by not taking the safest possible position, to wit, within the car, had not contributed to his injuries. Passengers are bound to exercise ordinary care, and that is a question for the jury. Had this car been crowded, so that there was no space inside, the defendant's patent negligence by reason of the insecurely fastened gate would probably have rendered it liable for plaintiff's injuries. We think that the exception to the above-cited portion of the charge was well taken, and that the judgment should therefore be reversed.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event.

BLANCHARD, J., concurs.

GILDERSLEEVE, J. (dissenting). It cannot be said as a matter of law that it was contributory negligence for plaintiff to ride, as he did, upon the rear platform. In doing so he accepted the additional risks incident to the position. It must be conceded that the position of plaintiff did not impose upon defendant any higher duty than to operate its car with reasonable care. The complaint charges that plaintiff's injuries were caused by negligence and want of care on the part of defendant in operating the car. The evidence on behalf of plaintiff shows that the car was going at a rapid speed around the curve at which the accident occurred, that it gave a jerk, that the gate flew open, and plaintiff was thrown into the street. By their verdict the jury found that defendant was guilty of negligence, and it must be said that the evidence fully supports such finding. There is no claim by the appellant that on the question of defendant's negligence the jury were not properly instructed. The judgment is challenged upon an alleged error in the charge to the jury, where this language was used:

"This plaintiff had a perfect right to stand wherever he thought fit in that car after the conductor had taken his fare in that position."

We have for consideration this question, were the rights of defendant violated and its case prejudiced by this instruction? Can it be truly said that the language used took from the jury the question of plaintiff's freedom from contributory negligence, and did the jury understand that the court had concluded as a matter of law that plaintiff was free from contributory negligence? I think that the statement was equivalent to saying that it was not illegal for the plaintiff to ride upon the rear platform. The statement did not include an erroneous proposition of law. Plaintiff did have a right to ride where he was standing at the time of the accident. By so doing he subjected himself, as I have said, to additional risks incident to the position, but was not necessarily guilty of contributory negligence. It seems to me that, when the charge is taken as a whole, it must be said that the question of plaintiff's freedom from contributory negligence was submitted to the jury under proper instructions, and that by their verdict the jury upon

sufficient evidence, found that plaintiff by his own want of care did not contribute to the happening of the accident.

In the early part of the charge the learned court said that the jury were called upon to determine whether the accident happened solely as the result of negligence on the part of the people who were in charge of the car, and that, if the accident was the result of any negligent act upon the part of plaintiff that in any wise contributed thereto, the verdict would have to be for defendant. Again the court said that, to entitle the plaintiff to recover, the jury must find that defendant's negligence was solely responsible for the accident; and again the court charged, at the request of defendant's counsel, that a person who voluntarily rides upon the platform of a street car assumes the risk of the usual and ordinary movement of the car passing around a curve. The case seems to me to be one where the question of plaintiff's contributory negligence in riding upon the platform of the car was one of fact for the jury, and that the charge, as a whole, correctly laid down the principles of law applicable thereto.

The judgment should be affirmed, with costs.